# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES A. HENSON, JR., | * |
| Plaintiff | * |
| v. | *  Civil Action No. JKB-17-506 |
| JANICE GILMORE, and "JANE DOE, Med-Tech Nurse" | * |
| | * |
| Defendants | |

****

## MEMORANDUM

Pending is a motion to dismiss filed by Janice Gilmore. ECF 18. Plaintiff has replied. ECF 20, 21, 22. The court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, defendant's motion shall be granted.

## Background

Plaintiff James A. Henson, Jr., a state inmate currently confined to the Western Correctional Institution in Cumberland, Maryland, filed this civil rights complaint naming Janice Gilmore and "Jane Doe Med-Tech Nurse"[1] as Defendants. ECF 1, p. 1. Plaintiff states that on February 6, 2017, an unidentified "Med-Tech Nurse:"

> inserted a three (3) inch needle into [his] left-arm, but instead of withdrawing any blood, the med-tech nurse then blatantly proceeded to turn the tip of the needle counterclockwise which caused the vein to rupture and blood spray out, leaving a half (1/2) inch purplish black gash or wound inside of [his] left arm. Then med-tech nurse stated 'we will have to try again later.'

ECF 1, p. 3. He alleges that this conduct was in retaliation for his having used the prison grievance system to file federal lawsuits and lists examples of other cases he has previously filed in this court. *Id*.

---

[1] Plaintiff has failed to identify this nurse. As such, his complaint against the unidentified "Med-Tech Nurse" shall be dismissed without prejudice.

**Standard of Review**

In reviewing the complaint in light of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States has explained that a "plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678.  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'"  *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Twombly*, 550 U.S. at 563 (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d, 247, 251 (7th Cir. 1994)) (once a claim for relief has been stated, a plaintiff 'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint').

**Analysis**

Section 1983 provides for liability on "[e]very person who, under color of [state law], *subjects, or causes to be subjected*, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983 (emphasis added)).  "Although § 1983 must be read against the background of tort liability that makes a man responsible for the natural consequences of his actions, liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights."  *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (citation, alteration, and internal quotation marks omitted).  "The doctrine of *respondeat superior* has no application under this section."  *Id.* (internal quotation marks omitted); *see Swint v. City of Wadley*, 51 F.3d 988, 999 (11th Cir. 1995) (explaining that 42 U.S.C. § 1983 "require[s] proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation").  Other than naming her in the caption of the complaint, plaintiff has failed to allege any action or inaction on the part of Janice Gilmore that caused him harm.  As such, Gilmore's motion to dismiss shall be granted.

## CONCLUSION

For the foregoing reasons Defendant's Motion to Dismiss will be GRANTED. Plaintiff's complaint against "Jane Doe Med-Tech Nurse" will be dismissed without prejudice. A separate Order follows.

Dated this 26th day of January, 2018 .

FOR THE COURT:

_____/s/_____
James K. Bredar
Chief Judge